Argued May 3, affirmed May 12, 1954

# FARMER *v.* ARNWINE

270 P. 2d 683

*Leonard H. Waterman,* of Burns, argued the cause for appellant. With him on the briefs were Dunn & Jackson, of Baker.

*Harold Banta* argued the cause for respondents. On the brief were Banta, Silven & Horton, of Baker.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, TOOZE and PERRY, Justices.

PER CURIAM.

Tom P. Farmer brings this suit to remove a cloud cast on his title by a deed running to defendant Rector Arnwine. Although the deed was purportedly executed in 1912, it was not recorded by Arnwine until

1950. Plaintiff claimed the deed was a forgery. Defendant Arnwine, while claiming color of title by reason of the challenged deed, nevertheless as a separate defense and cross complaint sought to establish title by adverse possession. From a decree in favor of plaintiff, defendant appeals.

Here defendant urges for the first time that he now makes no claim under the challenged conveyance but rests solely on the record of his adverse possession. Well he might disclaim title under the questioned deed. The testimony indicates beyond a shadow of a doubt that it was a palpable forgery crudely executed. In our opinion, the defendant cannot escape culpability for its making nor responsibility for unjustified recording. We refer to only one of its manifest weaknesses. Although purportedly executed and acknowledged in 1912, it was nevertheless demonstrated without contradiction that the deed form employed was not published by the firm printing it until the year 1944, 32 years after its alleged execution and delivery.

Our examination of the record discloses that defendant failed to prove any one of the elements essential to establish a claim of adverse possession. Insofar as his own testimony on the subject of possession is concerned, his credibility is fatally impaired by his relationship to the fraudulent deed which he caused to be placed of record. He proved himself to be utterly unworthy of belief.

The decree is affirmed.